## R. M. ROBINSON'S TRUSTEE *v.* M. P. ROBINSON.

**Married Women—Contracts of Married Women.**

> The contract of a married woman to buy land is void since she is not capable in law to make a valid contract. The court will release her from such a pretended contract and permit her to recover what she has expended thereon.

### APPEAL FROM GARRARD COURT OF COMMON PLEAS.

December 18, 1877.

OPINION BY JUDGE PRYOR:

It cannot be maintained in the present proceeding that the appellee paid the money on the notes executed for the land as the surety of Dobyns, her son-in-law, or that the payment was in fact made for him.

The object of the original action was to enforce the contract against the feme covert, for the reason, as was alleged, that she had made the purchase jointly with Dobyns. It was adjudged in an opinion of this court, *Robinson v. Robinson's Trustee,* 11 Bush 174, that the contract or purchase made by the appellee was void. The court below had proceeded by a judgment to enforce it as against the appellee, and the only question presented by the appeal was as to the liability of Mrs. Robinson upon her obligation to pay, and upon a reversal being had and the contract declared void, the result was easily ascertained by the court below on the return of the cause. She had asked in the original petition to have the money paid by her refunded, and nothing was left for the chancellor to do but to order its repayment.

There never was any legal or moral obligation on Mrs. Robinson to pay the debt. It is not analagous to a payment after the running of the statute of limitations by either the obligee or surety. Both are under a legal obligation to pay, that is, the note of the party or the surety evidences a legal liability and one that will be enforced unless the plea of the statute of limitations is interposed. Not so with a feme court, as to her the legal liability never existed, and a judgment attempting to fix upon her a legal impossibility, like her contract, is absolutely void. It was further adjudged in that former opinion that the payment of the money was not a ratification of the contract so as to bind the feme covert.

She has paid this money without any consideration upon a supposed liability that never existed. It is not pretended by the plead-

ings or proof that she paid it for Dobyns; but on the contrary she was proceeded against as if she was a feme sole and a joint purchaser with Dobyns. The cross-petition of the appellant sets forth no new matter, and we find nothing in it that required a response by the appellee. The result of this litigation may work a hardship on creditors, still it is all to be traced to a sale of this land to one who was incapable in law of making any valid contract, and while those who took her bond may have had no right to doubt her willingness to pay, there was no alternative but to release her from an obligation that was invalid so far as she was concerned from the beginning, and upon the contract being declared void the trustee must out of the trust fund refund the money paid by her.

The judgment below is *affirmed*.

*G. W. Dunlap, B. M. Burdett, for appellant.*

*M. Walton, H. T. Noel, for appellee.*